Barbara A. KAPUSTA, Plaintiff,

v.

**ROCKWOOD AREA SCHOOL DISTRICT, Defendant.**

Civ. A. No. 89–141J.

United States District Court,
W.D. Pennsylvania.

Oct. 6, 1989.

W. Patrick James, Johnstown, Pa., for plaintiff.

Daniel W. Rullo, Somerset, Pa., for defendant.

MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Before the Court at this time is defendant Rockwood Area School District's Motion to Dismiss the complaint filed by plaintiff Barbara Kapusta. The Motion asserts that this Court has no jurisdiction over plaintiffs' Title VII claim that she was discriminatorily discharged from her position as a secondary school guidance counselor, and that plaintiff has failed to state a claim

for sex discrimination under Title VII. We believe the allegations of the complaint, construed most favorably to the plaintiff, adequately state a Title VII claim.[1] We therefore examine defendant's argument that the complaint was untimely.

Plaintiff alleges that she was hired by defendant sometime prior to September 30, 1985, as a guidance counselor for the Rockwood Area School District, that she was given unsatisfactory work performance evaluations on April 17, 1986 and June 5, 1986, and was informed that her employment would not be renewed for the following school year on June 27, 1986. Plaintiff alleges that she thought that she was merely laid off from her employment and did not learn until July 29, 1987, that she had been discharged for unsatisfactory performance. In July or August of 1986, the School District interviewed a male for her job.

At some point after November 2, 1987,[2] plaintiff filed a complaint with the Pennsylvania Human Relations Commission, which referred the complaint to the Equal Employment Opportunity Commission for dual filing. The EEOC received the plaintiff's complaint as untimely filed and issued plaintiff her "right to sue" letter. This action commenced when plaintiff filed her complaint in this Court on June 30, 1989.

█ Failure to file a timely administrative complaint deprives this Court of subject matter jurisdiction. *Alexander v. Gardner–Denver Company,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), requires that an administrative complaint be filed with the EEOC within 180 days of the alleged employment discrimination or within 240 days with the equivalent agency in a deferral state. See generally *Shaffer v. National Can Corporation,* 565 F.Supp. 909, 910–11

(E.D.Pa.1983), citing *Mahasco Corporation v. Silver,* 447 U.S. 807, 816–17, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980). Pennsylvania is a deferral state. See 43 P.S. § 951 et seq. (establishing the PHRC.)

█ Plaintiff's complaint is based on her allegations that she was used to train a less qualified male who was interviewed for her job in July or August of 1986. The injury to plaintiff occurred on June 27, 1986, when she was discharged. Arguably, the facts that would support a charge of discrimination may not have been apparent to her until July or August 1986, when the less qualified male was interviewed (plaintiff does not allege that he was hired) for plaintiff's former post. Plaintiff's administrative complaint was not filed with the PHRC until November, 1987, at the earliest, at least 14 months later, and not filed with the EEOC until April, 1988. Even assuming a discovery rule should be applied to plaintiff's claim, however, no reasonable person with a prudent regard for her rights could fail to take steps to become aware of the nature of her employment status for more than one year after her discharge. See *Miller v. Aluminum Company of America,* 679 F.Supp. 495, 500 (W.D.Pa.) aff'd 856 F.2d 184 (3d Cir. 1988). Plaintiff's assertion that she did not learn that her discharge was based on allegedly discriminatorily motivated unsatisfactory performance ratings until July 29, 1987, is also legally irrelevant, because the injury to plaintiff, if any, occurred when she was discharged and a male was interviewed for her job, facts she was aware of or should have been aware of within a reasonable time after August, 1986.

Plaintiff's complaint is dismissed. The Clerk shall mark this matter closed.

---

**1.** Although plaintiff cites 42 U.S.C. § 1981 and § 1983 in her complaint, there is no attempt to assert that a claim is stated under either of these statutes. In light of *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 2592, 49 L.Ed.2d 415 (1976) no claim could be stated under 42 U.S.C. § 1981. In light of *Middlesex County Sewerage Authority v. National Sea Clammers*

*Association,* 453 U.S. 1, 20, 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435 (1981) no claim could be stated under 42 U.S.C. § 1983.

**2.** Plaintiff does not allege a filing date. November 2, 1987, is the date the plaintiff's signature was notarized.